## ATLANTIC MUTUAL FIRE INSURANCE COMPANY *vs.* JOHN J CONCKLIN.

The provision of the Rev. Sts. *c.* 37, § 42, which prohibits any foreign insurance company from insuring in this state, unless restricted from insuring in any one risk more than one tenth of their capital, does not apply to mutual insurance companies.

The failure of a foreign insurance company to file the statement required by Rev. Sts. *c.* 37, § 41, with the treasurer of the Commonwealth on the first Monday of January does not avoid a contract of insurance, made by them in this commonwealth within the following year, and after a compliance with that section.

A statement filed by a mutual fire insurance company with the treasurer of the commonwealth, stating the amount of capital, and that it consists entirely of premium notes, and the amount of cash received, and referring to an annexed copy of their charter, which provides that every policy shall create a lien on the property insured to secure the payment of the deposit note, sufficiently states the whole amount of premium on the risks insured, what portion of it has been paid in cash, and what security has been taken for the remainder, as required by *St.* 1847, *c.* 273, § 3.

ACTION OF CONTRACT by a mutual fire insurance company incorporated under the laws of New Hampshire, on a premium note dated December 18th 1848.

The answer admitted the making of the note, but alleged that it was void because the plaintiffs had failed to comply with the provisions of the Rev. Sts. *c.* 37, §§ 41, 42, and of *St.* 1847, *c.* 273, § 3.

At the trial in the court of common pleas, it appeared that on the 26th of June 1848 an agent of the company deposited with the treasurer of this commonwealth a certified copy of their charter, passed on the 2d of July 1847, § 7 of which provided that "all buildings and the land upon which they stand, and the property insured therein, shall be held by said company as security for any deposit note which they may hold of the member for whom they have insured; and the policy of insurance to any member of said company, upon his buildings or other property, shall of itself create a lien upon the same for the sum of any such deposit note, and the cost which may accrue in collecting the same; and such lien shall continue during the existence of said policy and the liability of the assured therein, notwithstanding any transfer or alienation."

Attached to this copy of the charter, and filed with it in the

treasurer's office, was the following statement, signed and sworn to by a majority of the plaintiffs' directors on the 31st of December 1847 :

" Atlantic Mutual Fire Insurance Co., Exeter, New Hampshire.

" 1st. Chartered as above, July 2d 1847.

" 2d. Commenced business, October 25th 1847.

" 3d. Assets of the company, $959.24.

" 4th Liability of the company is nothing, excepting for salaries of officers and agents, &c., which it is considered does not exceed the assets.

" 5th. No particular power of attorney is given to the agents. Instructions are given, and at the same time they are notified that they are authorized to act as agents for the purpose of taking applications, and for no other purpose.

" 6th. The amount of capital consists of premium notes, which amount to the sum of $25,375.08.

" 7th. The amount at risk is $264,329.00.

" 8th. Cash on hand in the hands of agents, total of receipts without deducting salaries, fees, and sundry bills, $959.24.

" 9th. Three thousand dollars is the largest sum taken in any one risk."

Appended to this statement was a list of the agents of the company in this commonwealth.

The defendant contended that the note was void : 1st. Because it did not appear that the company were so restricted by their charter or otherwise that they could not lawfully incur in any one risk a hazard greater than one tenth of their capital, as required by the Rev. Sts. *c.* 37, § 42 ; 2d. Because their agents had neglected to file with the treasurer of the Commonwealth, on the first Monday of January 1848, the statement required by Rev. Sts. *c.* 37, § 41 ; 3d. Because the statement filed in the office of the treasurer was not such as is required by *St.* 1847, *c.* 273, § 3, since it did not show the whole amount of the premiums on the risks insured, nor what proportion of it had been paid in cash, nor what security had been taken for the remainder.

But *Perkins*, J. overruled these objections, a verdict was returned for the plaintiffs, and the defendant alleged exceptions.

*F. B. Hayes,* for the defendant.

*B. Dean,* for the plaintiffs.

BIGELOW, J. It was decided in *Williams* v. *Cheney,* 3 Gray, 221, that § 42 of the Rev. Sts. *c.* 37, was not applicable to foreign mutual insurance companies. If the reasons there given do not extend to § 41, (which may well be doubted,) yet the second objection, that the statement required by that section was not filed on the first Monday of January 1848, cannot avail the defendant, such a statement having been filed before the making of any contract with him.

The remaining objection, founded on an alleged failure to comply with *St.* 1847, *c.* 273, § 3, is not supported by the evidence. The return filed by the plaintiffs contained all the statements required by that section, so far as they were applicable to mutual insurance companies. It set forth the whole amount · of risks insured; the whole amount of premium thereon ; the portion thereof paid in cash ; the largest sum insured on any one risk ; and the security taken for premiums not paid in cash, being the lien created by § 7 of the act incorporating the plaintiffs, a copy of which was filed with the statement. This was a full compliance with the requirements of the statute.

*Exceptions overruled.*